[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR APPOINTMENT OF RECEIVERCT Page 13292OF RENTS AND DISBURSEMENT OF FUNDS
The plaintiffs, Glen and Dennis Gorelick, and the defendants, Emily and Michael Montanaro, are partners in a partnership known as Boston Avenue Properties. The plaintiffs have filed a two count complaint. The first count seeks an accounting which has been filed. The second count asserts a claim unfair trade practices resulting from the misuse and misappropriation of funds.
The present motion seeks the appointment of receiver of rents and the disbursement of funds held in the partnership asserting the defendants have refused to release funds due to the plaintiffs; the defendants have wasted and misappropriated partnership assets; the defendant, Emily Montanaro has been paid an exorbitant fee for collecting rents; the defendant transferred her share in the partnership, temporarily, without first offering to other partners; and the defendants are in total disregard of the terms of the partnership agreement. The plaintiffs previously filed a motion for the appointment a receiver of rents which was denied by a decision filed by Freedman, J. on January 5, 1995.
"The object of appointing receivers is to secure the property in dispute from waste or loss" and is not to be utilized for the purpose of granting ultimate relief. Hartford Savings LoanAssn. v. Tucker, 196 Conn. 172, 175 (1985).
It is apparent that this case is but a part of a continuing dispute existing between the various parties which has been the subject of other litigation. The plaintiffs claim that funds were disbursed as attorney's fees but the evidence is insufficient to demonstrate that those payments were made for personal expenses on behalf of the defendants as opposed to partnership purposes. The plaintiffs also complain about the fees paid to the defendant, Emily Montanaro, which were agreed upon and voted upon by the members of the partnership. The court cannot state that those fees are so exorbitant as to require the appointment of a receiver. The plaintiffs also claim that the defendant, Emily Montanaro, temporarily transferred her interest in the partnership contrary to the provisions of the partnership agreement. However it appears that action involved a litigation between the various parties and has since been reversed. It also appears that for an extended period of time monies of the CT Page 13293 partnership were kept in a non interest bearing account but that situation has now been changed. The partnership agreement requires two signatures on checks.
It does appear for a period of time Emily Montanaro was issuing checks with one signature when the partnership agreement requires that two signatures be utilized. However, it has been stated to the court that situation will change and that two signatures will be utilized.
It appears that the relief requested by the plaintiffs, including the disbursement of funds claimed to be due to them under the partnership agreement is a matter that should be determined on an evidentiary hearing of the case in chief. The accounting requested by the plaintiffs has now been filed and such a hearing is more appropriate than the granting of the motion to appoint a receiver of rents which the court does not believe is necessary to prevent waste and loss.
Accordingly, the motion is hereby denied.
RUSH, JUDGE